**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jaime L. Zepeda, | No. CV 1:07-0982-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Harold Tate, et al., | |
| Defendants. | |

Before the Court is Defendant C. O'Brien's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint, filed October 13, 2010 (Doc. 16), and Plaintiff Jaime L. Zepeda's ("Plaintiff") Motion to Strike, filed November 15, 2010 (Doc. 22). Defendant's motion is brought pursuant to Fed. R. Civ. P. 12(b) on the grounds that Plaintiff failed to: (1) exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a); (2) state a claim for failure to summon medical care under California Government Code section 845.6 ("Cal. Gov't Code § 845.6"); (3) demonstrate that he is entitled to injunctive relief; and (4) demonstrate that he is entitled to declaratory relief. (Doc. 16 at 1-2, 10.) Plaintiff responded by arguing that he exhausted available remedies because his grievance was addressed at a lower level of appeal, that he has stated a claim under Cal. Gov't Code § 845.6, and that a finding on whether Plaintiff is entitled to injunctive and declaratory relief would be premature. (Doc. 22 at 1.) Plaintiff further moves the Court to strike Defendant's motion

for failure to state a legal defense under Fed. R. Civ. P. 12(f).[1]  (Doc. 22.)  After consideration of the issues, the Court finds the following.[2]

## BACKGROUND

On July 10, 2007, Plaintiff brought suit against Defendant and others alleging violations of California law and his First and Eighth Amendment rights under the United States Constitution in ten conclusory claims for relief.  (Doc. 1.)  The Court's Screening Order dismissed Plaintiff's Complaint for failure to state a claim with leave to file an amended complaint.  (Doc. 9.)  On August 31, 2009, Plaintiff filed an Amended Complaint alleging eight claims for relief.  (Doc. 10.)  The Court's Screening Order dismissed all but two of Plaintiff's claims, leaving claims alleging violations of: (1) the Eighth Amendment for deliberate indifference to Plaintiff's pain (Claim I) and (2) Cal. Gov't Code § 845.6 for failure to provide Plaintiff with timely medical treatment (Claim VII).  (Doc. 11.)

Defendant filed a Motion to Dismiss on October 13, 2010 based upon failure to exhaust administrative remedies and failure to state a claim.  (Doc. 16.)  Plaintiff's subsequent response to Defendant's Motion to Dismiss included a "Motion to Strike for Failure to State a Legal Defense to Dismiss Plaintiff's Complaint."  (Doc. 22.)  Defendant has filed his reply in support of the Motion to Dismiss.  (Doc. 23.)  The Court now considers Defendant's Motion to Dismiss (Doc. 16) and Plaintiff's Motion to Strike (Doc. 22).

---

[1] Plaintiff filed a "Motion to Strike for Failure to State a Legal Defense to Dismiss Plaintiff's Complaint" pursuant to Fed. R. Civ. P. 12(f) (Doc. 22).  Other than the title, Plaintiff's filing resembles a Response to Defendant's Motion to Dismiss (Doc. 16). Therefore the Court will treat Plaintiff's filing both as a Response and as a Motion to Strike under Fed. R. Civ. P. 12(f).

[2] Neither party has requested oral argument in connection with the Motion to Dismiss (Doc. 16) or the Motion to Strike (Doc. 22).  The parties have had the opportunity to submit briefing.  Accordingly, the Court finds the pending motions suitable for decision without oral argument.  See L.R. Civ. 7.2(f).

**STANDARDS OF REVIEW**

**I.     Motion to Dismiss for Failure to Exhaust Administrative Remedies**

A motion to dismiss for failure to exhaust non-judicial remedies is a "matter in abatement" that is "related" to jurisdiction, but does not fall within any of the categories of reasons for dismissal specified in Rule 12(b). Inlandboatmens Union of Pac. v. Dutra Grp., 279 F.3d 1075, 1078 n.2 (9th Cir. 2002). A motion to dismiss for a failure to exhaust non-judicial remedies is properly considered a "non-enumerated" Rule 12(b) motion. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam). The exhaustion requirement of 42 U.S.C. § 1997e(a) does not affect the court's subject matter jurisdiction. Rumbles v. Hill, 182 F.3d 1064, 1068 (9th Cir. 1999), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Ritza, 837 F.2d at 369. If the district court looks beyond the pleadings to a factual record in deciding whether administrative remedies have been exhausted, the court must ensure that the prisoner plaintiff has fair notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003), (citations omitted). The United States Court of Appeals for the Ninth Circuit has ruled that Defendants have the burden of raising and proving a prisoner's failure to exhaust under the Prison Litigation Reform Act ("PLRA"), because non-exhaustion under § 1997e(a) of the PLRA creates a defense, not a pleading requirement. Wyatt, 315 F.3d at 1119-20. "[D]ismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." Heath v. Cleary, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983). If the district court concludes that non-judicial remedies have not been exhausted, the proper remedy is dismissal of the claim without prejudice. Wyatt, 315 F.3d at 1120.

**II.    Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If the

plaintiff fails to state a claim, the defendant may move in a written motion, separate from the responsive pleading, that the court dismiss the claim for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Even though a complaint subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations," in order for the plaintiff to meet his burden, he must present more than labels and conclusions, or a formulaic recitation of the elements of the asserted cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[3] To survive a motion to dismiss for failure to state a claim, a plaintiff must state enough facts so that the claim is plausible on its face. Id. at 570. The Supreme Court does not require a heightened pleading standard, just enough facts to push the claim across the threshold of conceivable to plausible. Id.

When deciding a motion to dismiss, the court is bound by the facts pleaded in the complaint with a limited exception for exhibits that are attached to the complaint, exhibits incorporated by reference in the complaint, or matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Fed. R. Civ. P. 10(c). The court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (citing Associated Gen. Contractors v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1187 (9th Cir. 1998)). Further, when evaluating claims under Twombly and Iqbal, courts must "continue

---

[3] Prior to Twombly, the standard of review for a Rule 12(b)(6) motion was established by Conley v. Gibson, 355 U.S. 41 (1957). The Court in Conley held that a complaint may only be dismissed pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46; Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). After Twombly, however, it was unclear if the new plausibility standard applied to all civil complaints or only to antitrust complaints. Recently, the Supreme Court clarified the scope of the Twombly holding by reiterating that it applied to all civil actions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions.'").

to construe pro se filings liberally," especially in civil rights cases. Hebbe v. Pliler, – F.3d –, 2010 WL 4673711, at *3 (9th Cir. Nov. 19, 2010).

If the court finds that the plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) (citing Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)). When exercising it discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

**III.   Motion to Strike Under Federal Rule of Civil Procedure 12(f)**

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor, but are proper when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain and are not necessary to the issues in question. Id. The moving party need not show that the material is prejudicial if granting the motion would streamline the ultimate resolution of the action. Fogerty, 984 F.2d at 1528.

/ / /

/ / /

/ / /

**DISCUSSION**

**I.      Defendant's Motion to Dismiss for Failure to Exhaust**

The PLRA requires that a prisoner exhaust "such administrative remedies as are available" before filing a federal lawsuit. 42 U.S.C. § 1997e(a). Proper exhaustion means that the prisoner must "'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)).

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella, 568 F.3d at 1027 (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)). California's system sets forth several levels of appeal: (1) informal resolution; (2) first level appeal; (3) second level appeal to the institution's head, regional parole administrator, or designee; and finally (4) third level appeal to the Director of California's Department of Corrections. Cal. Code. Reg. Tit. 15 § 3084.5. A prisoner need not seek an additional level of review for purposes of exhaustion once he has "received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2004). Further, "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Harvey, 605 F.3d at 685.

To exhaust a claim, a prisoner's grievance must be sufficiently specific to provide the prison with "adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). The prison's own regulations determine the level of detail the prisoner must provide in his grievance. Jones, 549 U.S. at 218. California prison regulations state that a prisoner must "describe the problem and action requested." Cal. Code Regs. Tit. 15 § 3084.2(a). As California's prison regulations are "incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

### A.     Deliberate Indifference to Plaintiff's Pain

It is undisputed that Plaintiff never went beyond a second level appeal for any of the alleged ailments at issue in this case. (Doc. 16; Doc. 22 at 4-5.) Defendant argues that Plaintiff failed to exhaust administrative remedies because he never: (1) made a third level appeal; or (2) mentioned his esophagus–the purported source of his pain–in any appeal. (Doc. 16 at 10; Doc. 23 at 3.) Plaintiff contends that he exhausted his administrative remedies because his request for a colonoscopy and for an examination by an outside specialist were granted after he filed his second level appeal, leaving him no reason or obligation to make a third level appeal. (Doc. 22 at 5.)

Defendant has not met his burden of proving Plaintiff's failure to exhaust his appeal on his pain claim. First, at the conclusion of Plaintiff's second level appeal, Plaintiff was apparently provided with the relief he requested–a colonoscopy and an appointment with a specialist to determine the cause of his pain. (Doc. 10 at 7.) Plaintiff had no obligation, for the purposes of exhaustion, to appeal the outcome of his second level appeal, as it appears to have granted the relief he sought. Harvey, 605 F.3d at 685. Second, Plaintiff's appeal stated that he was experiencing pain possibly related to a digestive disorder and wished to see an outside specialist to "properly determine/treat [his] condition." (Doc. 22 at 13-14.) This appeal was sufficient to alert Defendant of Plaintiff's alleged pain and to provide adequate notice of the type of health problem for which Plaintiff sought redress. See Sapp, 623 F.3d at 824; see also Griffin, 557 F.3d at 1120. Therefore, the Court will not dismiss Plaintiff's claim at this stage of the litigation, though disposition may be appropriate at the summary judgment stage.

### B.     Untimely Medical Treatment Under Cal. Gov't Code § 845.6

In his Motion to Dismiss Plaintiff's claim for untimely medical treatment under Cal. Gov't Code § 845.6, Defendant argues that Plaintiff failed to exhaust administrative remedies because Defendant never: (1) filed a third level appeal; or (2) mentioned Defendant's alleged failure to medicate him in any appeal. (Doc. 16 at 10-11; Doc. 23 at 3.) Plaintiff contends that he exhausted his administrative remedies because he was granted the relief he requested

- 7 -

1  during his second level appeal, and thus had no need or obligation to make a third level
2  appeal. (Doc. 22 at 5, 13-14.)

3  Defendant has not met his burden of proving failure to exhaust under the PLRA as to
4  Plaintiff's claim for violation of Cal. Gov't Code § 845.6. First, at the conclusion of
5  Plaintiff's second level appeal, Plaintiff was apparently provided with the relief he
6  requested–a colonoscopy and an appointment with an "outside specialist." (Doc. 10 at 7.)
7  Plaintiff had no obligation, for the purposes of exhaustion, to appeal the outcome of his
8  second level appeal, as he appears to have been granted the requested relief. Harvey, 605
9  F.3d at 685. Second, Plaintiff's appeal stated his alleged need for specialized medical care
10 in a manner that would put the prison on notice of his grievance. (Doc. 22 at 13-14); see
11 Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 1120. The Court will not dismiss Plaintiff's claim
12 for the alleged violation of Cal. Gov't Code § 845.6 at this stage of the case, though
13 disposition may be appropriate at the summary judgment stage.

14 **II.     Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Cal. Gov't Code § 845.6 Claim**

15 A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the
16 court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and
17 directed the defendant to respond. The standard for dismissal under Rule 12(b)(6) is identical
18 to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may
19 be granted"). After the court has screened a prisoner complaint pursuant to § 1915A(b), a
20 Rule 12(b)(6) motion to dismiss will be granted only if the defendants can convince the Court
21 that reconsideration is appropriate. Reconsideration is appropriate only if the district court
22 "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
23 decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
24 Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993);
25 Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (reconsideration
26 is permitted only in rare circumstances).

27 The Court already screened Plaintiff's First Amended Complaint under a standard
28 identical to that found in Rule 12(b)(6) and determined that Plaintiff's allegation that

1  Defendant violated Cal. Gov't Code § 845.6 sufficiently state a plausible claim for relief.
2  (Doc. 11 at 12.) Defendant provides no basis that warrants reconsideration of the Screening
3  Order. See Sch. Dist. No. 1J, Multnomah Cnty., 5 F.3d at 1263; Defenders of Wildlife, 909
4  F. Supp. at 1351. Therefore, the Court will not dismiss for failure to state a claim Plaintiff's
5  allegation that Defendant violated Cal. Gov't Code § 845.6.

6  **III.    Defendant's Motion to Dismiss Plaintiff's Request for Injunctive Relief**

7  Defendant argues that the Court should dismiss Plaintiff's request for injunctive relief
8  because Plaintiff has not demonstrated his entitlement to such relief. (Doc. 16 at 14-15.)
9  Plaintiff has requested injunctive relief in his Amended Complaint (Doc. 10 at 22), but is not
10 seeking such relief through either a motion for preliminary injunction or a temporary
11 restraining order. Defendant provides no authority that would authorize the Court to dismiss
12 Plaintiff's claims for injunctive relief at this time. Though it may be appropriate at a later
13 stage in the litigation to deny Plaintiff's requests for injunctive relief, it is not clear that the
14 Court can reach this decision on a motion to dismiss. See Friends of Frederick Seig Grove
15 #94 v. Sonoma Cnty. Water Agency, 124 F. Supp. 2d 1161, 1172 (N.D. Cal. 2000) ("While
16 the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it
17 is by no means evident that the Court can reach such a determination on a motion to dismiss.
18 Accordingly, the defendants' motion to dismiss the plaintiff's request for injunctive relief is
19 denied as premature."). Therefore, the Court will deny Defendant's Motion to Dismiss
20 Plaintiff's request for injunctive relief.

21 **IV.    Defendant's Motion to Dismiss Plaintiff's Request for Declaratory Relief**

22 Defendant argues that "because [P]laintiff has failed to state a claim for relief as to
23 any of his claims, [P]laintiff's request for declaratory relief is inappropriate and should be
24 denied with prejudice." (Doc. 16 at 15.) The Court will not dismiss Plaintiff's request for
25 declaratory relief at this time. First, the Court has found that Plaintiff has stated a claim for
26 relief on his claims that Defendant violated his rights under the Eighth Amendment and Cal.
27 Gov't Code § 845.6. (Doc. 11.) Second, Defendant's Motion to Dismiss Plaintiff's claim
28 for declaratory judgment is premature, as it is dependant on determinations not yet presented

to the Court. Therefore, the Court will deny Defendant's Motion to Dismiss Plaintiff's request for declaratory relief.

**V.    Plaintiff's Motion to Strike Under 12(f)**

Plaintiff has filed a Motion to Strike Defendant's Motion to Dismiss Under Rule 12(f) for Failure to State a Legal Defense. (Doc. 22.) Rule 12(f) authorizes the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see also Kaiser Aluminum, 677 F.2d at 1057. Defendant's Motion to Dismiss does not fall under any of these categories. Further, Plaintiff provides no relevant cases or arguments to suggest that Defendant's Motion to Dismiss would fall under Rule 12(f). Therefore, Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 22) is denied.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 16) Plaintiff's Amended Complaint (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 22) Defendant's Motion to Dismiss (Doc. 16) is **DENIED**.

DATED this 2nd day of December, 2010.

_____
Stephen M. McNamee
United States District Judge