1    **WO**

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   Jaime L. Zepeda,                    )    No. CV 1:07-0982-SMM
                                         )
11              Plaintiff,               )    **ORDER**
                                         )
12   vs.                                 )
                                         )
13   Harold Tate, et al.,                )
                                         )
14              Defendants.              )
     _____)

15

16        Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 27).

17   Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only

18   with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

19   Here, sole remaining Defendant C. O'Brien filed a Statement of Non-Opposition to

20   Plaintiff's Motion for Leave to File a Second Amended Complaint, which constitutes written

21   consent. (Doc. 33.) Because Defendant O'Brien has provided Plaintiff written consent to

22   amend, the Court grants Plaintiff's Motion for Leave to Amend Complaint (Doc. 27). The

23   Court will now conduct statutory screening pursuant to 28 U.S.C. § 1915A.[1]

24   _____

25        [1]All claims alleged in Plaintiff's prior complaints are waived if they are not alleged
     in his Second Amended Complaint. See Hal Roach Studios v. Richard Feiner & Co., 896
26   F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v.
     Atiyeh, 814 F.2d 565 (9th Cir. 1987). After amendment, the Court will treat the prior
27   complaints as nonexistent. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

28

1

**BACKGROUND**

2  On July 10, 2007, Plaintiff brought suit against Defendant O'Brien and others alleging

3  violations of California law and his First and Eighth Amendment rights under the United

4  States Constitution in ten claims for relief. (Doc. 1.) The Court's Screening Order dismissed

5  Plaintiff's Complaint for failure to state a claim with leave to file an amended complaint.

6  (Doc. 9.) On August 31, 2009, Plaintiff filed a First Amended Complaint alleging eight

7  claims for relief. (Doc. 10.) The Court's Screening Order dismissed all but two of Plaintiff's

8  claims, leaving claims alleging violations of: (1) the Eighth Amendment for deliberate

9  indifference to Plaintiff's pain and (2) Cal. Gov't Code § 845.6 for failure to summon for

10  Plaintiff immediate medical care. (Doc. 11.) On October 15, 2010, Plaintiff filed a Second

11  Amended Complaint without first seeking leave of the Court or receiving Defendant's

12  consent (Doc. 18). That Second Amended Complaint was stricken on November 10, 2010

13  as improperly filed. (Doc. 21.) On December 10, 2010, Plaintiff filed his Motion for Leave

14  to Amend Complaint (Doc. 27) and lodged his Second Amended Complaint,[2] alleging

15  thirteen claims against fifteen Defendants (Doc. 29). On January 19, 2011, sole remaining

16  Defendant O'Brien provided Plaintiff with written consent to amend the Complaint. (Doc.

17  33.) In this Order the Court will conduct statutory screening pursuant to 28 U.S.C. § 1915A.

18

**LEGAL STANDARD**

19  Complaints brought by prisoners seeking redress from a governmental entity, officer,

20  or employee of a governmental entity must be screened by the Court. 28 U.S.C. § 1915A(a).

21  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be

22  granted" or "seeks monetary relief from a defendant who is immune from such relief," the

23  complaint, or a portion thereof, must be dismissed. 28 U.S.C. § 1915A(b)(1), (2).

24

25
26  Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Second Amended Complaint (Doc. 29).

27
28  [2] Although Plaintiff labeled his filing as the "Third Amended Complaint," (Doc. 29 at 1), it constitutes Plaintiff's Second Amended Complaint because the Court ordered Plaintiff's earlier Second Amended Complaint stricken (Doc. 21).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even though a complaint subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations," a Plaintiff must present more than labels and conclusions, or a formulaic recitation of the elements of the asserted cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[3] A plaintiff must state enough facts so that the claim is plausible on its face. Id. at 570. The Supreme Court does not require a heightened pleading standard, just enough facts to push the claim across the threshold of conceivable to plausible. Id.

The court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). But "conclusory allegations of law and unwarranted inferences are insufficient." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (citing Associated Gen. Contractors v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1187 (9th Cir. 1998)). When evaluating claims under Twombly and Iqbal, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

If the court finds that the plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) (citing

---

[3] Prior to Twombly, the standard of review for failure to state a claim was established by Conley v. Gibson, 355 U.S. 41 (1957). The Court in Conley held that a complaint may only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46; Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). After Twombly, however, it was unclear if the new plausibility standard applied to all civil complaints or only to antitrust complaints. Recently, the Supreme Court clarified the scope of the Twombly holding by reiterating that it applied to all civil actions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions.'").

1   Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)). When exercising it discretion

2   to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to

3   facilitate decision on the merits, rather than on the pleadings or technicalities." United States

4   v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

5   **DISCUSSION**

6       In his Second Amended Complaint, Plaintiff sues the following Defendants: (1)

7   California Correctional Institution ("CCI") Chief Medical Officer Harold Tate; (2) Secretary

8   of the California Department of Corrections and Rehabilitation ("CDCR") Mathew Cate; (3)

9   CCI Warden W.J. Sullivan; (4) CCI Staff Physician C. O'Brien; (5) CCI Registered Nurse

10  Jane Doe #1; (6) CCI Medical Appeals Analyst L. Bluford; (7) CCI Registered Nurse Jane

11  Doe #2; (8) the CDCR; (9) CDCR Chief of Health Services Peter Farber; (10) CDCR

12  administrator Mark Keller; (11) Medical Development International ("MDI"), a health care

13  company; (12) CCI Chief Medical Officer T. Bzoskie; (13) CCI Chief of Inmate Appeals N.

14  Grannis; (14) CCI Inmate Appeals Coordinator Kim Sampson; and (15) Director of CDCR

15  Institutions John Doe. (Doc. 29 at 4-5.)

16      Plaintiff's Second Amended Complaint alleges violations of the Eighth Amendment

17  under the United States Constitution and of California law in thirteen claims for relief. (Doc.

18  29.) Counts I, II, III, V, and VI allege that Defendant O'Brien violated the Eighth

19  Amendment through deliberate indifference to Plaintiff's need for treatment of his

20  gastrointestinal tract problems. (Doc. 29 at 6-9, 12-16.) Counts IV alleges that Defendants

21  O'Brien, Bluford, and Jane Doe #2 violated the Eighth Amendment through deliberate

22  indifference to Plaintiff's need for treatment of his gastrointestinal tract problems. (Doc. 29

23  at 10-11.) Count VII alleges that Defendants Jane Doe #1, Bluford, and the CDCR violated

24  California law by failing to summon immediate medical care for Plaintiff. (Doc. 29 at 17-18.)

25  Count VIII alleges that Defendants Sullivan, O'Brien, Bluford, and Jane Doe #2 violated

26  California law by failing to summon immediate medical care for Plaintiff. (Doc. 29 at 19.)

27  Counts IX and XII allege that Defendant O'Brien violated California law by failing to

28  summon for Plaintiff immediate medical care and by failing to meet the required medical

standard of care, respectively. (Doc. 29 at 20, 27.) Count X alleges that Defendants Tate, Sullivan, O'Brien, Jane Doe #1, Farber, Keller, and MDI violated the Eighth Amendment by failing to schedule Plaintiff a colonoscopy. (Doc. 29 at 21-22.) Count XI alleges that Defendants Bzoskie, Grannis, and Sampson violated the Eighth Amendment by not providing Plaintiff with alternative medication. (Doc. 29 at 23-26.) Count XIII alleges that Defendants Tate, Cate, Sullivan, Jane Doe #2, and John Doe violated the Eighth Amendment by failing to train or supervise others who allegedly failed to treat Plaintiff. (Doc. 29 at 28.) Plaintiff seeks declaratory, injunctive, and monetary relief. (Doc. 29 at 25.)

## I.   Plaintiff's Eighth Amendment Claims

Not every prisoner claim of inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) "'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'" and (2) the defendant's response "was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross

negligence will constitute deliberate indifference." Clement v. Cal. Dep't Corrs., 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'" Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nev. Bd. State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

**A.    Count I**

Plaintiff's Count I alleges an Eighth Amendment violation because Defendant O'Brien allegedly failed to properly investigate Plaintiff's complaints, instead endorsing an inexpensive and inefficient diagnostic test and refusing to send Plaintiff immediately to a specialist for a colonoscopy. (Doc. 29 at 6-7.) Plaintiff allegedly first saw Defendant O'Brien in February or March 2006 with complaints of rectal bleeding, abnormal bowel movements, abdominal pains, abdominal cramping, temporary spasms, and painful bowel movements. (Doc. 29 at 6.) During that visit, Plaintiff claims that Defendant O'Brien prescribed a stool softener and denied his colonoscopy request because he first needed to see stool test results. (Doc. 29 at 6.) On April 17, 2006, Defendant O'Brien allegedly told Plaintiff that the stool test results were "positive." (Doc. 29 at 6.) Plaintiff also allegedly complained that the stool softener had not helped, causing Defendant O'Brien to order a blood test and prescribe a stronger stool softener. (Doc. 29 at 6.) On May 18, 2006, Defendant O'Brien allegedly told Plaintiff that Plaintiff had the Helicobacter pylori (H. pylori) intestinal bacteria. (Doc. 29 at 7.) Defendant O'Brien then prescribed Plaintiff "various medications" and ordered a "routine colonoscopy." (Doc. 29 at 7.)

The Court finds that Plaintiff's Count I fails to state a claim. Rather, Plaintiff's allegations suggest nothing more than a disagreement with Defendant O'Brien's considered

judgment about the appropriate course of diagnosis and treatment of Plaintiff's medical conditions. They do not reveal deliberate indifference to Plaintiff's serious medical needs. See Toguchi, 391 F.3d at 1058 ("a mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference'"). Plaintiff's factual allegations reflect that he received consistent and regular treatment, testing, and monitoring of his gastrointestinal condition. Defendant O'Brien initially treated Plaintiff with a stool softener at Plaintiff's first visit, and treatment was adjusted when Plaintiff complained that his symptoms had not abated. (Doc. 29 at 6-7.) Diagnostic testing also started with Plaintiff's first visit and additional tests were ordered when the need for them became apparent. (Doc. 29 at 6-7.)

Plaintiff may not have received a colonoscopy as soon as he would have liked, but Plaintiff does not allege that he suffered any serious medical consequences as a result. The colonoscopy ultimately revealed that Plaintiff had one internal hemorrhoid and small ruptures in his intestine that were caused by constipation–a condition for which Plaintiff had already been receiving consistent treatment. (Doc. 29 at 6-7, 12.) A delay in providing medical treatment does not constitute deliberate indifference unless the delay was harmful. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (The Eighth Amendment is only violated if "delays occurred to patients with problems so severe that delays would cause significant harm and that Defendants should have known this to be the case[.]"); Wood v. Housewright, 900 F.2d 1332, 1333-35 (9th Cir. 1990) (holding that a delay of several days in receiving pain medication for a broken shoulder did not amount to a constitutional violation). Because Plaintiff does not allege that the delay in providing him with a colonoscopy caused him any serious harm, he has failed to state a cognizable Eighth Amendment claim. Therefore, the Court will dismiss Count I.

**B.      Count II**

Count II alleges that Defendant O'Brien violated Plaintiff's Eighth Amendment rights by failing to prescribe alternative medication to alleviate Plaintiff's chest and abdominal pains and order testing for his abdominal pains. (Doc. 29 at 8.) During his appointments with

Defendant O'Brien from February or March 2006 through October 16, 2006, Plaintiff allegedly requested medication for his abdominal pain. (Doc. 29 at 8.) On October 18, 2006, Plaintiff allegedly told Defendant O'Brien that he suspected that he was having side-effects from his Proton Pump Inhibitor ("PPI") medication, and that he was suffering from dry mouth and throat, swollen saliva glands, dizzy spells, sore throat, pain in his chest and upper abdomen, acid reflux, and vomiting. (Doc. 29 at 8, 14.) In response, Defendant O'Brien allegedly discontinued Plaintiff's PPIs and prescribed him liquid Maalox. (Doc. 29 at 8, 14.) On February 6, 2007, Plaintiff allegedly informed Defendant O'Brien that most of his symptoms had subsided, but that he was suffering from irregular bowel movements, chest pains, dry mouth and throat, and acid reflux. (Doc. 29 at 8, 14.) Plaintiff alleges that although Defendant O'Brien told Plaintiff he would receive alternative medications in an attempt to reduce or eliminate any side effects, he never received those medications. (Doc. 29 at 8.)

Plaintiff's allegations in Counts II do not give rise to a plausible claim that Defendant O'Brien violated his Eighth Amendment rights. Plaintiff claims that at various stages Defendant O'Brien pursued treatment that produced side effects. As noted earlier, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the course of treatment the doctor chose was medically unacceptable in light of the circumstances and that it was chosen in conscious disregard of an excessive risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff's allegations do not support a plausible inference that Defendant O'Brien was subjectively aware of and consciously disregarded an excessive risk to Plaintiff's health. See Toguchi, 391 F.3d at 1060. Instead, the allegations suggest that Defendant O'Brien consistently exercised his judgment in an attempt to balance the need to treat Plaintiff's condition without causing excessive side effects. At most, Plaintiff's allegations give rise to an inference that Defendant O'Brien may have been negligent in prescribing certain medications. But a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. Plaintiff has therefore failed to state a cognizable Eighth Amendment claim, and the Court will dismiss Count II.

## C.      Count III

Count III alleges that Defendant O'Brien violated Plaintiff's Eighth Amendment rights because he "chose a 'course of treatment' that is medically unacceptable." (Doc. 29 at 9.) Plaintiff alleges that Defendant O'Brien incorrectly required Plaintiff to have a stool test before prescribing a colonoscopy, because a stool test is not a "medically recognized diagnostic test." (Doc. 29 at 9.) The Court finds, incorporating the same reasoning set forth in parts I.A-B of this Order, that Plaintiff's Count III fails to state a claim. Plaintiff's allegations related to Defendant O'Brien ordering a stool test before ordering a colonoscopy constitute nothing more than Plaintiff disagreeing with Defendant O'Brien's considered judgment about the appropriate course of diagnosis and treatment of Plaintiff's medical conditions–they do not reveal deliberate indifference to Plaintiff's serious medical needs. See Toguchi, 391 F.3d at 1058. Therefore, the Court will dismiss Count III.

## D.      Count IV

Count IV alleges that Defendants O'Brien, Bluford, and Jane Doe #2 violated Plaintiff's Eighth Amendment rights by delaying access to a specialist without a legitimate reason. (Doc. 29 at 10.) On June 11, 2006, Plaintiff allegedly filed a grievance complaining of persistent symptoms and requesting an outside specialist and an expedited colonoscopy. (Doc. 29 at 10.) On July 25, 2006, Plaintiff allegedly received a notification of diagnostic test. (Doc. 29 at 10.) After this notification, Plaintiff allegedly asked Defendant O'Brien to expedite Plaintiff's colonoscopy because his symptoms had not abated, but Defendant O'Brien allegedly refused. (Doc. 29 at 10.) On August 1, 2006, Defendant Bluford allegedly interviewed Plaintiff regarding his grievance, and advised Plaintiff that the colonoscopy would be completed within 120 days of the interview, that Plaintiff would be monitored every 30 days until then, and that Plaintiff's request for an outside doctor was denied. (Doc. 29 at 10-11.) Defendant Tate allegedly endorsed the first level decision on Plaintiff's grievance on August 3, 2006, but reversed this endorsement on November 2, 2006, when he also ordered Plaintiff an upper endoscopy. (Doc. 29 at 11.) After reviewing Plaintiff's allegations, the Court finds, incorporating the reasoning set forth in parts I.A-B of this Order,

1    that Plaintiff's Count IV fails to state a cognizable Eighth Amendment claim. Plaintiff's

2    allegations do not support a plausible inference that Defendants O'Brien, Bluford, and Jane

3    Doe #2 were subjectively aware of and consciously disregarded an excessive risk to

4    Plaintiff's health. See Toguchi, 391 F.3d at 1060. Further, Defendant O'Brien's alleged delay

5    in providing medical treatment, and the alleged conduct of Defendants Bluford and Jane Doe

6    #2 cannot constitute deliberate indifference because Defendant has not plausibly alleged that

7    the purported delay caused serious harm. See Hunt, 865 F.2d at 200.  Therefore, the Court

8    will dismiss Count IV.

9    **E.      Count V**

10          Count V alleges that Defendant O'Brien violated Plaintiff's Eighth Amendment rights

11   by delaying Plaintiff's colonoscopy. (Doc. 29 at 12.) Plaintiff alleges that his February 13,

12   2007 colonoscopy  revealed one internal hemorrhoid and three small ruptures of his long

13   intestine. (Doc. 29 at 12.) On May 18, 2007, Defendant O'Brien allegedly advised Plaintiff

14   that the rupture was caused by constipation, and advised certain dietary restrictions for

15   Plaintiff. (Doc. 29 at 12-13.) The Court finds, incorporating the reasoning set forth in parts

16   IA-B of this Order, that Plaintiff has failed to state a cognizable Eighth Amendment claim

17   in Count V because a delay in providing medical treatment does not constitute deliberate

18   indifference unless the delay caused serious harm. See Hunt, 865 F.2d at 200. Further,

19   Plaintiff's allegations do not support a plausible inference that Defendant O'Brien was

20   subjectively aware of and consciously disregarded an excessive risk to Plaintiff's health. See

21   Toguchi, 391 F.3d at 1060. Therefore, the Court will dismiss Count V.

22   **F.      Count VI**

23          Count VI alleges that Defendant O'Brien violated Plaintiff's Eighth Amendment

24   rights by improperly documenting and treating Plaintiff's drug allergies. (Doc. 29 at 14.) As

25   stated earlier in this Order, Plaintiff on October 18, 2006 allegedly told Defendant O'Brien

26   that he suspected that he was having side-effects from his PPI. (Doc. 29 at 14.) In response,

27   Defendant O'Brien allegedly discontinued Plaintiff's PPIs and prescribed him liquid Maalox.

28   (Doc. 29 at 14.) On February 6, 2007, Plaintiff allegedly informed Defendant O'Brien that

most of his symptoms had subsided, but that he was suffering from irregular bowel movements, chest pains, dry mouth and throat, and acid reflux. (Doc. 29 at 14.) On an unspecified later date, Plaintiff allegedly told Defendant O'Brien that he still had these symptoms and that his bowel movements were becoming hard again. (Doc. 29 at 14-15.) Defendant O'Brien then allegedly prescribed Plaintiff new medications, which Plaintiff alleges caused swelling of his body, "extreme" swelling of his left arm, and difficulty breathing. (Doc. 29 at 15.) Plaintiff was then allegedly taken to a clinic and given antihistamines by an unnamed nurse. (Doc. 29 at 15.) Plaintiff also alleges that Defendant O'Brien did not properly document Plaintiff's drug allergies in Plaintiff's medical file. (Doc. 29 at 15.) The Court finds, incorporating the same reasoning set forth in parts I.A-B of this Order, that Plaintiff's Count VI fails to state a claim. Plaintiff cannot plausibly allege that Defendant O'Brien failed to treat and document Plaintiff's drug allergies without alleging that Defendant O'Brien was aware of Plaintiff's drug allergies and had the opportunity to treat the allergies or document the allergies in the record. Plaintiff fails to allege that Defendant's alleged failure to treat and document his allergies constituted not mere negligence, but  rather a conscious disregard of an excessive risk to Plaintiff's health. See Jackson, 90 F.3d at 332; Toguchi, 391 F.3d at 1060. Therefore, the Court will dismiss Count VI.

## G.    Count X[4]

Count X alleges that Defendants Tate, Sullivan, O'Brien, Jane Doe #1, Farber, Keller, and MDI violated his Eighth Amendment rights by not providing the proper procedural, organizational, and funding structures that would enable Plaintiff to receive treatment from a specialist. (Doc. 29 at 21.) Plaintiff alleges that Defendants Farber and Keller approved a pilot program with MDI to schedule outside specialist services for prisoners, then allegedly participated in a pattern of misconduct that resulted in Plaintiff not receiving a timely colonoscopy for reasons of cost. (Doc. 29 at 21-22.) incorporating the same reasoning set

---

[4] Counts VII, VIII, IX, and XII allege state law claims. These claims will be addressed later in this Order.

1   forth in parts I.A-B of this Order, that Plaintiff's allegations in Count X fail to state a

2   cognizable Eighth Amendment claim. Defendants Tate, Sullivan, O'Brien, Jane Doe #1,

3   Farber, Keller, and MDI's alleged roles in delaying Plaintiff's treatment do not show that

4   they were subjectively aware of and consciously disregarded an excessive risk to Plaintiff's

5   health. See Toguchi, 391 F.3d at 1060. Further, Plaintiff fails to plausibly claim that the

6   alleged delay in his receiving a colonoscopy caused serious harm. See Hunt, 865 F.2d at 200.

7   Therefore, the Court will dismiss Count X.

**H.    Count XI**

9        Count XI alleges that Defendants Bzoskie, Grannis, and Sampson violated Plaintiff's

10   Eighth Amendment rights by denying his appeal for alternative medication. (Doc. 29 at 23.)

11   Plaintiff claims that on February 6, 2008, Defendant Bzoskie cancelled Plaintiff's second

12   level response–challenging Defendant O'Brien's alleged refusal to provide Plaintiff

13   alternative medication–on grounds that Plaintiff purportedly refused to cooperate by

14   appearing for a scheduled interview related to the grievance. (Doc. 29 at 24.) On April 9,

15   2008, Defendant Grannis allegedly returned Plaintiff's administrative appeal, citing

16   Plaintiff's missed interview. (Doc. 29 at 24.) On April 15, 2008, Plaintiff allegedly filed a

17   challenge to the cancelled administrative appeal with Defendant Sampson, who took no

18   action. (Doc. 29 at 24-25.) Also in Count XI, Plaintiff claims that an "outside specialist"

19   subsequently recommended doubling Plaintiff's PPI medication, but that Plaintiff never

20   received that medication. (Doc. 29 at 25.) The Court finds, incorporating the same reasoning

21   set forth in parts I.A-B of this Order, that Plaintiff's claims in Count XI fail to plausibly

22   allege that Defendants Bzoskie, Sampson, and Grannis both knew of and disregarded an

23   excessive risk to inmate health. See Toguchi, 391 F.3d at 1060. Plaintiff's allegation in Count

24   XI apparently derives from a dispute as to whether Plaintiff complied with the procedural

25   requirement of submitting to an interview, rather than any demonstration of deliberate

26   indifference by Defendants Bzoskie, Sampson, and Grannis. (Doc. 29 at 24.) Therefore, the

27   Court will dismiss Count XI because Plaintiff's allegations cannot support an Eighth

28   Amendment claim.

1    **I.      Count XIII**

2          Count XIII alleges that Defendants Tate, Cate, Sullivan, Jane Doe #2, and John Doe

3    violated his Eighth Amendment rights by failing to train and supervise subordinates, leading

4    to delayed medical care for Plaintiff. (Doc. 29 at 28.) Plaintiff alleges that in early 2006, an

5    inmate transfer gave rise to an increased need for medical staff, which Defendants failed to

6    provide, causing a delay in Plaintiff's treatment. (Doc. 29 at 28.) After reviewing Plaintiff's

7    allegations in Count XIII, the Court finds, incorporating the reasoning set forth in parts I.A-B

8    of this Order, that Plaintiff's allegations in Count XIII fail to state a cognizable Eighth

9    Amendment claim. Plaintiff's allegations fail to show that Defendants Tate, Cate, Sullivan,

10   Jane Doe #2, and John Doe were subjectively aware of and consciously disregarded an

11   excessive risk to Plaintiff's health. See Toguchi, 391 F.3d at 1060. Therefore, the Court will

12   dismiss Count XIII.

13   **II.     Plaintiff's State Law Claims**

14         Plaintiff's Counts VII, VIII, IX, and XII all allege violations of California law. (Doc.

15   29.) Under 28 U.S.C. § 1367(a), subject to exceptions which are not relevant here, the district

16   courts have supplemental jurisdiction over state law claims in any civil action in which the

17   district courts also have original federal jurisdiction over all other claims in the case. But

18   "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state

19   law claims under § 1367(c) is discretionary." Acri v. Varian Assoc. , Inc., 114 F.3d 999,

20   1000 (9th Cir. 1997) (en banc). "The district court may decline to exercise supplemental

21   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims

22   over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, the Supreme

23   Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims

24   should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726

25   (1966).

26         Because Plaintiff will be given another opportunity to state claims for relief under §

27   1983, the Court will reserve its discretion to exercise supplemental jurisdiction over

28   Plaintiff's state law claims until after Plaintiff files his Third Amended Complaint. If Plaintiff

1  fails to allege a viable federal claim in his Third Amended Complaint, the Court will not
2  exercise supplemental jurisdiction over his state law claims.

3  **III.    Leave to Amend**

4  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
5  a claim upon which relief may be granted. Within 30 days, Plaintiff may submit an amended
6  complaint on the form provided with this Order. If Plaintiff fails to use the form provided
7  with this Order, the Court may strike the amended complaint and dismiss this action without
8  further notice to Plaintiff.

9  Plaintiff must clearly designate on the fact of the document that it is the "Third
10  Amended Complaint." The amended pleading must be retyped or rewritten in its entirety on
11  the form provided with this Order and may not incorporate any part of the prior complaints
12  by reference.

13  Plaintiff must comply with the instructions provided with the form. Plaintiff should
14  pay close attention to the instructions provided with the form. If Plaintiff fails to comply with
15  the instructions provided with the form, the court may strike the amended complaint and
16  dismiss this action without further notice to Plaintiff.

17  Among other requirements, Plaintiff must provide information regarding the Court's
18  jurisdiction, provide information about the defendants, and divide his lawsuit into separate
19  counts. In each count, Plaintiff must identify what federal constitutional civil right was
20  violated, identify the issue most closely involved in that count, state which defendants
21  violated that right and what those defendants did to violate that right, explain how Plaintiff
22  was injured by the alleged violation of the constitutional right, and identify whether Plaintiff
23  has exhausted any available administrative remedies. Plaintiff must repeat this process for
24  each civil right that was violated. Plaintiff may allege only one claim per count.

25  An amended complaint supersedes prior complaints. Ferdik, 963 F.2d at 1262; Hal
26  Roach Studios, 896 F.2d at 1546. After amendment, the Court will treat the prior complaints
27  as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior
28  complaint is waived if it is not raised in an amended pleading. King, 814 F.2d at 567.

**IV.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strike provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

## CONCLUSION

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Leave to Amend Complaint (Doc. 27).

1    **IT IS FURTHER ORDERED DISMISSING** Plaintiff's Second Amended

2    Complaint for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed

3    to file an amended complaint in compliance with this Order.

4        **IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint

5    within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal

6    of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C.

7    § 1915(g).

8        **IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a copy of

9    the form for filing a civil rights complaint by a prisoner provided with this Order.

10       DATED this 3rd day of March, 2011.

11

12

13                              Stephen M. McNamee
                                United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTIONS FOR FILING A COMPLAINT BY A PRISONER UNDER CIVIL RIGHTS STATUTE 42 U.S.C. § 1983**

I. <u>Scope of Section 1983</u>

An action under Section 1983 is available to challenge violations of the federal constitution or federal statutes which affect the conditions of your confinement or your treatment by government employees while in custody. Although you may ask for and obtain money damages or an injunction under Section 1983, the court cannot issue an order which could affect the length of your sentence in any way. Those types of claims may be raised only through a petition for writ of habeas corpus. If you want to file a petition for a writ of habeas corpus, you must do so on the correct forms, which are provided by the Clerk of the Court on request.

      A.     <u>Exhaustion of Administrative Remedies</u>

<u>If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution.</u> You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you <u>must</u> exhaust the process before filing suit. <u>Booth</u>, 532 U.S. at 734.

II. <u>Packet</u>

A copy of a complaint form is attached to this instruction sheet. In addition, included in the packet is an information sheet for prisoners seeking leave to proceed in forma pauperis (without prepayment of filing fees) and a copy of an application to proceed in forma pauperis. To file an action, you must send all the following items to the court:

      1.     An original and one copy of the complaint. You must keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original. If you wish to have a conformed copy of your complaint returned to you, you must send, in addition to the original, <u>two</u> extra copies and provide the court with a self-addressed postage paid envelope

      2.     Either a completed in forma pauperis application or the $350.00 filing fee.

<u>NOTICE:</u>     Leave to proceed in forma pauperis allows a case to proceed without ***pre-payment*** of the filing fee. However, a prisoner who brings a civil action in forma pauperis shall nevertheless be required to pay the full amount of the filing fee. The court shall collect the filing fee through deductions from the prisoner's trust account. Dismissal of the case does not excuse payment of the full filing fee. <u>See</u> 28 U.S.C. § 1915.

1

III.  Complaint Form

Your complaint must be legibly handwritten or typewritten.  You must sign the complaint and declare under penalty of perjury that the facts stated in the complaint are correct.  If you need additional space to answer a question, you should attach an additional blank page.  You are required to state facts in support of each claim.  The complaint should refer to the provision of the federal constitution or federal law on which you are relying, but should not contain legal arguments or citations.

IV.  Venue

Your complaint should be filed in the Fresno Division of this court only if one or more of the named defendants is located in the Fresno Division of the Eastern District of California, or if your claim arose in the Fresno Division of this district.  The Fresno Division of the Eastern District of California is comprised of the following counties:  Fresno, Calaveras, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne.

Your complaint should be filed in the Sacramento Division of this court only if one or more of the named defendants is located in the Sacramento Division of the Eastern District of California, or if your claim arose in the Sacramento Division of this district.  The Sacramento Division of the Eastern District of California is comprised of the following counties:  Alpine, Amador, Butte, Colusa, El Dorado, Glenn, Lassen, Modoc, Mono, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Sutter, Tehama, Trinity, Yolo, and Yuba..

V.  Mailing the Forms

When all of the forms described in part II are completed, if you are filing your case in the Fresno Division, mail the original and copies to:

> Clerk of the U.S. District Court
> for the Eastern District of California
> 2500 Tulare Street, Suite 1501
> Fresno, California  93721-2201

If you are filing your case in the Sacramento Division, mail the original and copies to:

> Clerk of the U.S. District Court
> for the Eastern District of California
> 501 "I" Street, Suite 4-200
> Sacramento, California 95814

## VI.  After the Complaint is Filed

Once the complaint is filed, the court will review it and decide whether to order service of the complaint on the defendants.  You will be sent a copy of any order the court issues.  Because of the large volume of cases filed by inmates pending in this court, the court WILL NOT ANSWER INQUIRIES concerning the status of your complaint.

You must keep the Clerk of the Court informed of any change of address.  If you fail to do so, the Clerk cannot be responsible for your failure to receive Court orders.  This could result in the dismissal of your suit.

The Clerk of the Court cannot provide copies of documents to litigants, except at a charge of fifty cents ($0.50) per page.  This charge also applies to litigants proceeding in forma pauperis.  Therefore you must keep copies of all documents submitted to the court for your own records.

## VII.   Submission of Original Paper Exhibits

The Eastern District of California converted to an electronic filing, service, and storage system, effective January 3, 2005.  Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the court in paper.  Local Rule 5-133(b)(2).  Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office.  After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded.  Local Rule 39-138(d).  For this reason, pro se litigants are cautioned not to send original exhibits to the court.  If pro se litigants choose to submit exhibits to the court, the litigants shall retain their original exhibits and send photocopies to the court.

**(Revised 8/30/06)**

3

Plaintiff's Name_____
Inmate No._____
Address_____
_____
_____


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA


_____

(Name of Plaintiff)                              (Case Number)

vs.                                              COMPLAINT

                                                 Civil Rights Act, 42 U.S.C. § 1983
_____
_____
_____
_____
_____
_____
(Names of all Defendants)


I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form)**:

    A.     Have you brought any other lawsuits while a prisoner?  Yes ___  No ___

    B.     If your answer to A is yes, how many? _____
             Describe previous or pending  lawsuits in the space below.
             (If more than one, use back of paper to continue outlining all lawsuits.)

         1.  Parties to this previous lawsuit:

         Plaintiff _____

         Defendants _____
_____
_____

         2.  Court (if Federal Court, give name of District; if State Court, give name of County)
         _____

         3.  Docket Number _____   4.  Assigned Judge _____

         5.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
         _____

         6.  Filing date (approx.) _____   7.  Disposition date (approx.) _____

II.     **Exhaustion of Administrative Remedies**

       A.     Is there an inmate appeal or administrative remedy process available at your institution?

       Yes___  No___

B.     Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

       Yes___  No___

       If your answer is no, explain why not_____

       _____

       _____

       _____

       _____

       _____

C.     Is the process completed?

       Yes___            If your answer is yes, briefly explain what happened at each level.

       _____

       _____

_____

_____

       No___           If your answer is no, explain why not.

       _____

       _____

_____

_____

_____

_____

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution.  You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002).  **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you <u>must</u> exhaust the process before filing suit**.  <u>Booth</u>, 532 U.S. at 734.

III.  **Defendants**

     (In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item B for the names, positions and places of employment of any additional defendants.)

       A.     Defendant _____ is employed as _____

       _____ at _____

B.  Additional defendants _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

IV.  **Statement of Claim**

(State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

V.  **Relief.**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

_____
_____
_____
_____
_____
_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Date_____   Signature of Plaintiff_____

(revised 6/01/04)

**Name:**_____

**CDC No:**_____

**Address:**_____

_____

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

**CASE NUMBER:**

Plaintiff,

vs.                                          **APPLICATION TO PROCEED**
                                            **IN FORMA PAUPERIS**
                                            **BY A PRISONER**

Defendants.

_____/


I, _____, declare that I am the plaintiff in the above-entitled proceeding; that, in support of my request to proceed without prepayment of fees under 28 U.S.C. section 1915, I declare that I am unable to pay the fees for these proceedings or give security therefor and that I am entitled to the relief sought in the complaint.

In support of this application, I answer the following questions under penalty of perjury:

1.      Are you currently incarcerated?        ___ Yes    ___ No    **(If "no" DO NOT USE THIS FORM)**

        State the place of your incarceration. _____

2.      Are you currently employed (includes prison employment)?        ___ Yes        ___ No

        a.      If the answer is "yes" state the amount of your pay. _____

        b.      If the answer is "no" state the date of your last employment, the amount of your take-home salary or wages and pay period, and the name and address of your last employer.


3.      Have you received any money from the following sources over the last twelve months?

        a.      Business, profession, or other self-employment:        ___ Yes        ___ No

        b.      Rent payments, interest or dividends:        ___ Yes        ___ No

c.      Pensions, annuities or life insurance payments:      ___ Yes      ___ No

d.      Disability or workers compensation payments:      ___ Yes      ___ No

e..      Gifts or inheritances:      ___ Yes      ___ No

f.      Any other sources:      ___ Yes      ___ No

If the answer to any of the above is "yes," describe by that item each source of money.  Also state the amount received **and** what you expect you will continue to receive (attach an additional sheet if necessary).

4.      Do you have cash (includes balance of checking or savings accounts)?      ___ Yes   ___ No

If "yes" state the total amount: _____

5.      Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?      ___ Yes      ___ No

If "yes" describe the property and state its value:      _____

6.      Do you have any other assets?      ___ Yes      ___ No

If "yes," list the asset(s) and state the value of each asset listed:

7.      List all persons dependent on you for support, stating your relationship to each person listed and how much you contribute to their support.

**IMPORTANT**:      **This form must be dated and signed below in order for the court to consider your application.**

I hereby authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2).

_____            _____
            DATE                                          SIGNATURE OF APPLICANT

NOTE:      Within sixty days from the date of this application you must forward to the court a certified copy of your prison trust account statement showing transactions for the past six months.

(Revised 01/2008)