1    **WO**

2

3

4

5

6

7                **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   Jaime L. Zepeda,                    )    No. CV 1:07-0982-SMM
                                         )
11            Plaintiff,                 )    **ORDER**
                                         )
12   vs.                                 )
                                         )
13   Harold Tate, et al.,                )
                                         )
14            Defendants.                )
     _____)

15
16         On March 3, 2011, the Court dismissed Plaintiff's Second Amended Complaint for
17   failure to state a claim with leave to file a Third Amended Complaint. (Doc. 34.) Plaintiff
18   filed his Third Amended Complaint on April 29, 2011. (Doc. 37.) The Court will now
19   conduct statutory screening of Plaintiff's Third Amended Complaint pursuant to 28 U.S.C.
20   § 1915A.[1]

21

22

23   _____

24         [1]All claims alleged in Plaintiff's prior complaints are waived if they are not alleged
     in his Third Amended Complaint. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d
25   1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh,
     814 F.2d 565 (9th Cir. 1987). After amendment, the Court treats the prior complaints as
26   nonexistent. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the Court
     will consider only those claims specifically asserted in Plaintiff's Third Amended Complaint
27   (Doc. 29).

28

**BACKGROUND**

On July 10, 2007, Plaintiff brought suit alleging violations of California law and his First and Eighth Amendment rights under the United States Constitution in ten claims for relief. (Doc. 1.) The Court's Screening Order dismissed Plaintiff's Complaint for failure to state a claim with leave to file an amended complaint. (Doc. 9.) On August 31, 2009, Plaintiff filed a First Amended Complaint alleging eight claims for relief. (Doc. 10.) The Court's Screening Order dismissed all but two of Plaintiff's claims. (Doc. 11.) On October 15, 2010, Plaintiff filed a Second Amended Complaint without first seeking leave of the Court or receiving Defendant's consent (Doc. 18). That Second Amended Complaint was stricken on November 10, 2010 as improperly filed. (Doc. 21.) On December 10, 2010, Plaintiff filed his Motion for Leave to Amend Complaint (Doc. 27) and lodged his Second Amended Complaint, alleging thirteen claims against fifteen Defendants (Doc. 29). The Court granted Plaintiff leave to amend, but after conducting statutory screening pursuant to 28 U.S.C. § 1915A, dismissed Plaintiff's Second Amended Complaint for failure to state a claim with leave to file a Third Amended Complaint. (Doc. 34.) On April 29, 2011, Plaintiff filed his Third Amended Complaint. (Doc. 37.) In this Order the Court will conduct statutory screening pursuant to 28 U.S.C. § 1915A.

**LEGAL STANDARD**

Complaints brought by prisoners seeking redress from a governmental entity, officer, or employee of a governmental entity must be screened by the Court. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief," the complaint, or a portion thereof, must be dismissed. 28 U.S.C. § 1915A(b)(1), (2).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even though a complaint subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations," a plaintiff must present more than labels and conclusions, or a formulaic recitation of the elements of the asserted cause of action. Bell Atl. Corp. v.

1   Twombly, 550 U.S. 544, 555 (2007).[2] A plaintiff must state enough facts so that the claim

2   is plausible on its face. Id. at 570. The Supreme Court does not require a heightened pleading

3   standard, just enough facts to push the claim across the threshold of conceivable to plausible.

4   Id.

5        The Court will treat all allegations of material fact in the complaint as true and

6   construe the complaint in the light most favorable to the plaintiff. W. Mining Council v.

7   Watt, 643 F.2d 618, 624 (9th Cir. 1981). But "conclusory allegations of law and unwarranted

8   inferences are insufficient." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (citing

9   Associated Gen. Contractors v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1187 (9th Cir.

10  1998)). When evaluating claims under Twombly and Iqbal, courts must "continue to construe

11  pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). If the Court finds

12  that the plaintiff does not allege enough facts to support a cognizable legal theory, the Court

13  may dismiss the claim. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780,

14  783 (9th Cir. 1996).

15                                    **DISCUSSION**

16       In his Third Amended Complaint, Plaintiff sues the following Defendants: (1)

17  California Correctional Institution ("CCI") Chief Medical Officer Harold Tate; (2) CCI Staff

18  Physician C. O'Brien; and (3) CCI Medical Appeals Analyst L. Bluford. (Doc. 37 at 1.)

19  Plaintiff's Second Amended Complaint alleges violations of the Eighth Amendment under

20  the United States Constitution and of California law in four claims for relief. (Doc. 37 at 4-

21  11.) Counts I alleges that Defendant O'Brien violated the Eighth Amendment through

22  ───────────────

23       [2] Prior to Twombly, the standard of review for failure to state a claim was established
    by Conley v. Gibson, 355 U.S. 41 (1957). The Court in Conley held that a complaint may
24  only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can
    prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46;
25  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). After Twombly,
26  however, it was unclear if the new plausibility standard applied to all civil complaints or only
    to antitrust complaints. Recently, the Supreme Court clarified the scope of the Twombly
27  holding by reiterating that it applied to all civil actions. Ashcroft v. Iqbal, 129 S.Ct. 1937,
28  1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil
    actions.'").

1  deliberate indifference to Plaintiff's need for treatment of his gastrointestinal pain. (Doc. 37

2  at 4-8.) Count II alleges that Defendants Bluford, O'Brien, and Tate violated California law

3  by failing to summon immediate medical care for Plaintiff. (Doc. 37 at 8-9.) Count III alleges

4  that Defendant O'Brien violated California law by failing to meet the required medical

5  standard of care. (Doc. 37 at 9-10.) Count IV alleges that Defendant O'Brien violated the

6  Eighth Amendment through deliberate indifference to Plaintiff's need for treatment of his

7  gastrointestinal tract problems. (Doc. 37 at 9-13.) Plaintiff seeks declaratory, injunctive, and

8  monetary relief. (Doc. 37 at 1.)

9  **I.     Plaintiff's Eighth Amendment Claims**

10         Not every prisoner claim of inadequate medical treatment states a violation of the

11  Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the

12  defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439

13  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A

14  plaintiff must show (1) "'serious medical need' by demonstrating that 'failure to treat a

15  prisoner's condition could result in further significant injury or the 'unnecessary and wanton

16  infliction of pain'" and (2) the defendant's response "was deliberately indifferent." Jett, 439

17  F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)).

18         To act with deliberate indifference, a prison official must both know of and disregard

19  an excessive risk to inmate health; the official must both be aware of facts from which the

20  inference could be drawn that a substantial risk of serious harm exists and he must also draw

21  the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the

22  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain

23  or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.

24  Deliberate indifference may also be shown when a prison official intentionally denies,

25  delays, or interferes with medical treatment or by the way prison doctors respond to the

26  prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

27         Deliberate indifference is a higher standard than negligence or lack of ordinary due

28  care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross

1  negligence will constitute deliberate indifference." <u>Clement v. Cal. Dep't Corrs.</u>, 220 F.

2  Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see also</u> <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460

3  (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do

4  not support a claim under § 1983). "[A] mere 'difference of medical opinion . . . [is]

5  insufficient, as a matter of law, to establish deliberate indifference.'" <u>Toguchi v. Chung</u>, 391

6  F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). A mere

7  delay in medical care, without more, is insufficient to state a claim against prison officials

8  for deliberate indifference. <u>See</u> <u>Shapley v. Nev. Bd. State Prison Comm'rs</u>, 766 F.2d 404,

9  407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of

10  "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 105-06.

11  **A.     Count I**

12  Plaintiff's Count I alleges an Eighth Amendment violation because Defendant

13  O'Brien allegedly failed to properly treat Plaintiff's complaints of pain. (Doc. 37 at 4.)

14  Plaintiff allegedly first saw Defendant O'Brien in February or March 2006 with complaints

15  of rectal bleeding, abnormal bowel movements, abdominal pains, abdominal cramping,

16  temporary spasms, and painful bowel movements. (Doc. 37 at 4.) During that visit, Plaintiff

17  claims that Defendant O'Brien prescribed a stool softener but denied his request for a

18  colonoscopy because he first needed to see stool test results. (Doc. 37 at 5.) On or about

19  April 17, 2006, Defendant O'Brien allegedly told Plaintiff that the stool test results were

20  "positive." (Doc. 37 at 5.) Plaintiff also allegedly complained that the stool softener had not

21  helped, causing Defendant O'Brien to order a blood test and prescribe a stronger stool

22  softener. (Doc. 37 at 5.) And Defendant O'Brien allegedly denied Plaintiff's request for pain

23  medication based upon Plaintiff's medical condition. (Doc. 37 at 5.)

24  On May 18, 2006, Defendant O'Brien allegedly told Plaintiff that Plaintiff had the

25  Helicobacter pylori (H. pylori) intestinal bacteria. (Doc. 37 at 5.) Defendant O'Brien then

26  prescribed Plaintiff various medications, denied Plaintiff's request for pain medication based

27  upon Plaintiff's medical condition, and ordered a colonoscopy. (Doc. 37 at 5.) Plaintiff

28  alleges that his February 13, 2007 colonoscopy revealed one internal hemorrhoid and three

1  small ruptures of his long intestine. (Doc. 37 at 7.) On May 18, 2007, Defendant O'Brien

2  allegedly advised Plaintiff that the rupture was caused by constipation, and advised certain

3  dietary restrictions for Plaintiff, but again stated that he could not prescribe Plaintiff pain

4  medication given Plaintiff's medical condition. (Doc. 37 at 7.)

5       The Court finds that Plaintiff's allegations in Count I that Defendant O'Brien failed

6  to treat Plaintiff's pain fails to state a claim. Rather, Plaintiff's allegations suggest nothing

7  more than a disagreement with Defendant O'Brien's considered judgment about the

8  appropriate course of diagnosis and treatment of Plaintiff's medical conditions. Plaintiff's

9  factual allegations reflect that he received consistent and regular treatment, testing, and

10  monitoring of his gastrointestinal condition. Defendant O'Brien initially treated Plaintiff with

11  a stool softener, and treatment was adjusted when Plaintiff complained that his symptoms had

12  not abated. (Doc. 37 at 5-8.) Diagnostic testing also started with Plaintiff's first visit and

13  additional tests and medications were ordered when the need for them became apparent.

14  (Doc. 37 at 5-8.)

15       When Defendant O'Brien denied Plaintiff his requested pain medication, Defendant

16  O'Brien explained to Plaintiff that such medication would be inappropriate given Plaintiff's

17  medical condition. (Doc. 37 at 5, 7.) Defendant O'Brien placed Plaintiff on numerous

18  medications and treatment regimes in an attempt to ease Plaintiff's symptoms. (Doc. 37 at

19  5-8.) Plaintiff appears to argue that Defendant O'Brien should have interrupted this course

20  of treatment in favor of one that would have enabled Plaintiff to receive his preferred pain

21  medication. (Doc. 37 at 5-8.)

22       To prevail on a claim involving choices between alternative courses of treatment, a

23  prisoner must show that the course of treatment the doctor chose was medically unacceptable

24  in light of the circumstances and that it was chosen in conscious disregard of an excessive

25  risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

26  Plaintiff's allegations do not support a plausible inference that Defendant O'Brien

27  consciously disregarded an excessive risk to Plaintiff's health. See Toguchi, 391 F.3d at

28  1060. Instead, the allegations suggest that Defendant O'Brien consistently exercised his

1   judgment in an attempt to balance the need to treat Plaintiff's condition while easing his

2   symptoms and pain. At most, Plaintiff's allegations give rise to an inference that Defendant

3   O'Brien may have been negligent in not prescribing certain pain medications. But a

4   "showing of medical malpractice or negligence is insufficient to establish a constitutional

5   deprivation under the Eighth Amendment." Id. Plaintiff's pain allegation against Defendant

6   O'Brien cannot support a cognizable Eighth Amendment claim, and the Court will dismiss

7   Count I with prejudice.

8   **B.    Count IV**[3]

9   Count IV alleges that Defendant O'Brien violated Plaintiff's Eighth Amendment

10  rights by choosing a course of treatment that posed an excessive risk to Plaintiff's health.

11  (Doc. 37 at 10.) On October 18, 2006, Plaintiff allegedly told Defendant O'Brien that he

12  suspected that he was having side-effects from his Proton Pump Inhibitor ("PPI") medication,

13  and that he was suffering from dry mouth and throat, swollen saliva glands, dizzy spells, sore

14  throat, pain in his chest and upper abdomen, acid reflux, and vomiting. (Doc. 37 at 10-11.)

15  In response, Defendant O'Brien allegedly discontinued Plaintiff's PPIs and prescribed him

16  liquid Maalox. (Doc. 37 at 11.) On February 6, 2007, Plaintiff allegedly informed Defendant

17  O'Brien that most of his symptoms had subsided, but that he was suffering from irregular

18  bowel movements, chest pains, dry mouth and throat, and acid reflux. (Doc. 37 at 11.)

19  On an unspecified later date, Plaintiff allegedly told Defendant O'Brien that he still

20  had these symptoms and that his bowel movements were becoming hard again. (Doc. 37 at

21  11.) Although Plaintiff believed he would receive new medications, Plaintiff allegedly

22  received the same medications he had taken previously. (Doc. 37 at 11.) Plaintiff states that

23  he then suffered an allergic reaction, which allegedly caused swelling of his body, "extreme"

24  swelling of his left arm, and difficulty breathing. (Doc. 37 at 11.) Plaintiff was then taken to

25  a clinic and given antihistamines by an unnamed nurse. (Doc. 37 at 12.) Plaintiff alleges that

26

27

28  [3] Counts II and III allege state law claims. These claims will be addressed later in this Order.

1   Defendant O'Brien's failure to properly document Plaintiff's drug allergies in Plaintiff's
2   medical file caused the allergic reaction. (Doc. 37 at 12.)

3          The Court finds, incorporating the same reasoning set forth in part I.A of this Order,
4   that Plaintiff's Count IV fails to state a claim. At most, Plaintiff's allegations that Defendant
5   O'Brien failed to adequately treat and document his allergies constitutes negligence, which
6   is insufficient to support an Eighth Amendment claim. Broughton, 622 F.2d at 460.
7   Plaintiff's allegations cannot support a plausible inference that Defendant O'Brien was
8   subjectively aware of and consciously disregarded an excessive risk to Plaintiff's health. See
9   Toguchi, 391 F.3d at 1060. Therefore, the Court will dismiss Count IV with prejudice.

10  **II.     Plaintiff's State Law Claims**

11         Plaintiff's Counts II and III allege violations of California law. (Doc. 37 at 8-10.)
12  Under 28 U.S.C. § 1367(a), subject to exceptions which are not relevant here, the district
13  courts has supplemental jurisdiction over state law claims in any civil action in which the
14  district courts also have original federal jurisdiction over all other claims in the case. But
15  "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state
16  law claims under § 1367(c) is discretionary." Acri v. Varian Assoc. , Inc., 114 F.3d 999,
17  1000 (9th Cir. 1997) (en banc). "The district court may decline to exercise supplemental
18  jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims
19  over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, the Supreme
20  Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims
21  should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726
22  (1966).

23         Here, the Court has dismissed Counts I and IV of Plaintiff's Third Amended
24  Complaint, which alleged violations of the Eighth Amendment of the United States
25  Constitution. All that remains of Plaintiff's Third Amended Complaint are Counts II and III,
26  which allege violations of California state law. The Court will not exercise jurisdiction over
27  Plaintiff's state law claims because Plaintiff has failed to allege a viable federal claim in his

28

1    Third Amended Complaint. <u>Gibbs</u>, 383 U.S. at 726; 28 U.S.C. § 1367(c)(3). Therefore,

2    Plaintiff's Counts II and III are dismissed.

3                                    **CONCLUSION**

4           **IT IS HEREBY ORDERED DISMISSING** Plaintiff's Third Amended Complaint

5    for failure to state a claim with prejudice.

6           DATED this 18th day of May, 2011.

7

8

9                                              Stephen M. McNamee
                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28