1

2

3

4

5

6

7 **IN THE UNITED STATES DISTRICT COURT**

8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10 Jaime L. Zepeda,                                    )    No. CV 1:07-0982-SMM
                                                      )
11                    Plaintiff,                      )    **ORDER**
                                                      )
12 v.                                                 )
                                                      )
13 Harold Tate, et al.,                               )
                                                      )
14                    Defendants.                     )
                                                      )
15 _____ )

16
         Before the Court is Plaintiff's Motion for Reconsideration for Relief from Judgment
17
   (Doc. 40). Defendants did not file a Response. The Court makes the following rulings.
18
                                    **BACKGROUND**
19
         On April 29, 2011, Plaintiff filed his Third Amended Complaint (Doc. 37) naming:
20
   (1) California Correctional Institution ("CCI") Chief Medical Officer Harold Tate; (2) CCI
21
   Staff Physician C. O'Brien; and (3) CCI Medical Appeals Analyst L. Bluford. (Doc. 37 at
22
   1.) Plaintiff alleged two claims under the Eighth Amendment and two under California state
23
   law. (Doc. 37 at 1.) Count I alleged that Defendant O'Brien violated the Eighth Amendment
24
   through deliberate indifference to Plaintiff's need for treatment of his gastrointestinal pain.
25
   (Doc. 37 at 4-8.) Counts II and III alleged that Defendants violated California law by failing
26
   to summon medical care and that Defendant O'Brien failed to meet California's medical
27
   standard of care. (Doc. 37 at 8-10.) Count IV alleged that Defendant O'Brien violated the
28

1  Eighth Amendment through deliberate indifference to Plaintiff's need for treatment of his
2  gastrointestinal condition. (Doc. 37 at 9-13.)

3      On May 18, 2011, the Court dismissed Plaintiff's Third Amended Complaint with
4  prejudice for failure to state a claim. (Doc. 38 at 9.) The Court found that Plaintiff was unable
5  to show deliberate indifference and dismissed Counts I and IV. (Doc. 38 at 5-7.) The Court
6  found that Count I amounted to a disagreement regarding Defendant O'Brien's course of
7  treatment and that Plaintiff failed to show that Defendant O'Brien's course of treatment was
8  medically unacceptable. (Doc. 38 at 6); see Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.
9  1996) (finding that deliberate indifference requires that the doctor's chosen course of
10  treatment was medically unacceptable under the circumstances and in conscious disregard
11  of an excessive risk to plaintiff's health); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)
12  ("A difference of opinion does not amount to a deliberate indifference to [plaintiff's] serious
13  medical needs."). The Court further found that Plaintiff's allegations in Count IV, that
14  Defendant O'Brien failed to document Plaintiff's allergies, did not rise to deliberate
15  indifference. (Doc. 38 at 8.) At most, the Court found that Defendant O'Brien's failure to
16  document constituted negligence, which is insufficient to support an Eighth Amendment
17  claim. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). Counts II and III
18  were dismissed because the Court chose not to exercise jurisdiction over Plaintiff's state law
19  claims as Plaintiff had failed to allege a valid federal claim. (Doc. 38 at 8-9.)

20                              **STANDARD OF REVIEW**

21      A motion for reconsideration may be brought under Federal Rules of Civil Procedure
22  59(e) or 60(b). It is treated as a motion to alter or amend judgment under Rule 59(e) if it is
23  filed within 28 days of entry of judgment; otherwise it is treated as a Rule 60(b) motion for
24  relief from a judgment or order. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,
25  248 F.3d 892, 898-99 (9th Cir. 2001). Erring on the side of caution, courts have considered
26  a motion for reconsideration under Rules 59(e) and 60(b). See United States v. Westlands
27
28

1  Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001); S.E.C. v. Platform Wireless Int'l
2  Corp., 617 F.3d 1072, 1100 (9th Cir. 2010).

3        Reconsideration is granted under Rule 59(e) if: (1) the Court is presented with newly
4  discovered evidence; (2) the Court committed clear error or made an initial decision that was
5  manifestly unjust; or (3) there is an intervening change in controlling law. S.E.C., 617 F.3d
6  at 1100. A Rule 59(e) motion should not be used to raise arguments or present evidence that
7  could have reasonably been raised or presented earlier. See Marlyn Nutraceuticals, Inc. v.
8  Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing Kona Enters., v.
9  Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

10        Rule 60(b) allows reconsideration for the following reasons: (1) mistake,
11  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,
12  misrepresentation, or misconduct by an opposing party; (4) void judgment; (5) satisfied,
13  released, or discharged judgment, or judgment based on an earlier reversed or vacated
14  judgment; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(1)-(6). Rule
15  60(b)(6) is used "sparingly as an equitable remedy . . . only where extraordinary
16  circumstances prevented a party from taking timely action to prevent or correct an erroneous
17  judgment." United States v. Washington, 593 F.3d 790, 797 (9th Cir. 2005). For relief under
18  60(b)(6), a moving party must show injury and "circumstances beyond his control that
19  prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531
20  F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Worham & Co., 452 F.3d 1097,
21  1103 (9th Cir. 2006)).

22        Local Rule 230(j) also provides requirements for a motion for reconsideration. Under
23  Local Rule 230(j), a plaintiff's motion for reconsideration must assert "new or different facts
24  or circumstances . . . claimed to exist which did not exist or were not shown upon such prior
25  motion" and "why the facts or circumstances were not shown at the time of the prior
26  motion." See LRCiv 230(j)(3)-(4).

27
28

**DISCUSSION**

Plaintiff's Motion for Reconsideration cannot be granted under Rule 59(e). Plaintiff contends that the Court committed clear error when it found that Defendant O'Brien was not deliberately indifferent in not giving specific pain medications. (Doc. 40 at 12.) As the Court previously held, Defendant O'Brien's actions did not rise to the level of deliberate indifference. (Doc. 38 at 7.) Plaintiff was required to show: (1) failure to treat his condition resulting in further significant injury or the wanton infliction of pain and (2) that Defendant O'Brien's response was indifferent. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)). Because Defendant O'Brien ordered Plaintiff to undergo medical testing (including a colonoscopy), advised Plaintiff on dietary restrictions, prescribed Plaintiff medications, monitored Plaintiff's condition, and explained his denial of pain medication to Plaintiff, the Court found that Defendant O'Brien was not deliberately indifferent. (Doc. 37 at 5-8.) Accordingly, the Court did not commit clear error.

Although Plaintiff's motion was made within 28 days of entry of judgment, and is more appropriately considered under Rule 59(e), it would also fail under Rule 60(b). Plaintiff argues for relief under Rule 60(b)(6). (Doc. 40.) For relief under Rule 60(b)(6), Plaintiff must allege injury and extraordinary circumstances that kept him from proceeding with the case in the proper manner. See Harvest, 531 F.3d at 749. Plaintiff does not allege injury, extraordinary circumstances, or any claims pertinent to a motion for reconsideration under Rule 60(b)(6). Therefore, the Court cannot grant Plaintiff's Motion for Reconsideration under Rule 60(b)(6).

Finally, Plaintiff's Motion for Reconsideration does not meet the requirements set forth in Local Rule 230(j). Plaintiff asserts that two different doctors prescribed Plaintiff "alternative pain medications" when Plaintiff was being treated for unrelated tooth pain and wrist injury. (Doc. 40 at 9.) These facts fail to show that Defendant O'Brien was deliberately indifferent in his treatment of Plaintiff's gastrointestinal condition. Further, Plaintiff provides

no viable reason to justify why he failed to present these facts in his Third Amended Complaint (Doc. 37). See LRCiv 230(j)(4). Therefore, the Court will deny Plaintiff's Motion for Reconsideration.[1]

### CONCLUSION

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration for Relief from Judgment (Doc. 40).

**IT IS FURTHER ORDERED DENYING** as moot Plaintiff's Application for Extension of Time to File Exhibits and Declarations in Support (Doc. 41).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Request for Judicial Notice (Doc. 43).

DATED this 12th day of July, 2011.

Stephen M. McNamee
United States District Judge

---

[1]Plaintiff also filed a Request for Judicial Notice of his Lodged Fourth Amended Complaint (Doc. 44) to assist the Court in deciding on Plaintiff's Motion for Reconsideration. (Doc. 43.) The Court will deny Plaintiff's request as such material would not assist it in ruling on Plaintiff's Motion for Reconsideration.